# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEE CROW, | Case No.: 1:25-cv-00508-SKO (HC) |
| Petitioner, | ORDER TO ASSIGN DISTRICT JUDGE TO CASE |
| v. | FINDINGS AND RECOMMENDATION TO DISMISS PETITION |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | [21-DAY OBJECTION DEADLINE] |
| Respondent. | |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner is in custody of the California Department of Corrections and Rehabilitation ("CDCR") serving an indeterminate sentence of 18 years plus 75 years-to-life pursuant to a judgment of the Fresno County Superior Court. (Doc. 1 at 1.)  In this petition, Petitioner claims his sentence is invalid because the sentencing court wrongfully considered one of his prior convictions to constitute a strike under California's Three Strikes law. Upon review of the petition, it is clear that Petitioner is not entitled to habeas relief.  Therefore, the Court recommends that the petition be **SUMMARILY DISMISSED**.

/////

1

# DISCUSSION

A. <u>Preliminary Review of Petition</u>

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir. 2001).

B. <u>Failure to State a Cognizable Federal Claim</u>

The petition fails to state a cognizable habeas claim. Petitioner states he is serving a sentence of 213 years-to-life and claims one of his prior convictions should not constitute a strike under California's Three Strikes law. Petitioner raised this claim to the Fresno County Superior Court by habeas petition on February 3, 2025. (Doc. 1 at 16.) The superior court construed his claim as a contention that he is entitled to resentencing. The court determined Petitioner should file a petition for recall of sentence rather than a habeas petition and dismissed the petition. The court further noted that to the extent that Petitioner was contending he is entitled to resentencing under Cal. Penal Code § 1170.126, the Fifth District Court of Appeal had already determined Petitioner's sentence was not illegally imposed. (Doc. 1 at 17.) Indeed, the appellate court resentenced Petitioner on November 24, 2020, to a term of 75 years-to-life plus 18 years. <u>People v. Crow</u>, 2020 WL 6883162 (Cal. Ct. App. Nov. 24, 2020).

Petitioner's claim pertains solely to the state court's interpretation and application of state sentencing law and therefore is not cognizable. <u>See</u> 28 U.S.C. § 2254(a) (federal habeas relief lies only where a person is "in custody in violation of the Constitution or laws or treaties of the United States"); <u>Wilson v. Corcoran</u>, 562 U.S. 1, 5, 131 S.Ct. 13, 178 L.Ed.2d 276 (2010) ("federal habeas corpus relief does not lie for errors of state law") (quoting <u>Estelle v. McGuire</u>, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)); <u>Bradshaw v. Richey</u>, 546 U.S. 74, 76, 126 S.Ct. 602, 163 L.Ed.2d 407 (2005) (a state court's interpretation of state law binds federal court sitting in habeas corpus); <u>Souch v.</u>

1  Schaivo, 289 F.3d 616, 622-23 (9th Cir.) (state prisoner's challenge to trial court's exercise of
2  discretion under state sentencing law fails to state federal habeas claim), *cert. denied*, 537 U.S. 859,
3  123 S.Ct. 231, 154 L.Ed.2d 98 (2002).

4      A state court's misapplication of state sentencing law may violate due process if a petitioner
5  can demonstrate both state sentencing error and that the error was "so arbitrary or capricious as to
6  constitute an independent due process" violation. Richmond v. Lewis, 506 U.S. 40, 50, 113 S.Ct. 528,
7  121 L.Ed.2d 411 (1992). However, a habeas petitioner "may not ... transform a state-law issue into a
8  federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389
9  (9th Cir. 1996), *cert. denied*, 522 U.S. 881, 118 S.Ct. 208, 139 L.Ed.2d 144 (1997); see also Carter v.
10 Koenig, 2019 WL 6331375, at *4-5 (C.D. Cal. Oct. 30, 2019) ("fact that Petitioner characterizes
11 [Section 1170.95 claims] claims as a violation of his federal constitutional rights is not sufficient,
12 without more, to state a federal claim"), *report and recommendation adopted*, 2019 WL 6330638
13 (C.D. Cal. Nov. 22, 2019); accord Contreras v. Rackley, 2018 WL 1258234, at *2 (S.D. Cal. Mar. 9,
14 2018) (claim that petitioner was denied "due process" and "equal protection" by allegedly erroneous
15 application of state sentencing law to find petitioner ineligible for resentencing under Proposition 36,
16 did not raise a cognizable federal habeas corpus claim).

17     Here, the California appellate court determined that Petitioner was properly sentenced under
18 California's Three Strikes law. This Court is bound by the state courts' interpretation and application
19 of its sentencing law in Petitioner's case. See Bradshaw v. Richey, 546 U.S. at 76, 126 S.Ct. 602 ("a
20 state court's interpretation of state law, including one announced on direct appeal of the challenged
21 conviction, binds a federal court sitting in habeas corpus"). Because petitioner apparently was not
22 entitled to relief for his claim under state law, the failure to grant him such relief was not "arbitrary or
23 capricious" and did not deprive him of due process.

24     In sum, the Court lacks jurisdiction to consider Petitioner's claims because petitioner has not
25 shown that his challenge to the state courts' denial of his resentencing petitions presents a viable
26 federal question.
27 /////
28 /////

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is **DIRECTED** to assign a District Judge to the case.

**RECOMMENDATION**

The Court HEREBY RECOMMENDS that the petition be **SUMMARILY DISMISSED** with prejudice.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: __May 9, 2025__          /s/ *Sheila K. Oberto*
                                UNITED STATES MAGISTRATE JUDGE